07-7241, Roves v. Secretary of Defense Baird. Virginia Jorge Brady appearing on behalf of the appellant, James Roves. In this case, he's essentially asking the court to address and or clarify the principles that relate to service connection for a veteran seeking disability benefits, particularly in a case in which the veteran is seeking service-connected disability benefits for a chronic condition that is essentially noted first in service and then later diagnosed. Under 38 U.S.C. 1110, which is basic entitlement, a veteran is entitled to disability benefits for a disability that results from an injury or disease that has occurred in service. Under 3.303b deals specifically with the question of when a veteran suffers from a chronic condition which is first shown in service and then subsequently diagnosed post-service. Counsel, if there was no finding, was there a fact in place in this process that this was a chronic condition? Was there? I just want to understand. No, there was no actual, the diagnosis was not chronic paranoid schizophrenia, if that's what you're asking specifically. Is it possible for schizophrenia to be not chronic? No, and in fact, schizophrenia has been recognized as a chronic disease under 3.309a. Well, 3.309a talks about things. It's written down as chronic and lists a bunch of things. One of the things it lists is psychosis. Isn't it possible for someone to have a drug-induced psychosis that is not chronic? I suppose it's possible. In this case, this was- In fact, some people often have hallucinations associated with drug use. In my experience in some of the cases I've seen, I have seen that in medical records. So it would be entirely possible in those cases for psychosis not to be chronic. Because unless the person is a repeat drug user or something, but if it was a single drug use that resulted in hallucinations, which were defined as some sort of psychosis, see where I'm going. I don't think that section that you pointed to is definitional. I see lots of reasons why it shouldn't be definitional. I mean, if it were, if it were clearly definitional, then it wouldn't be up to me to try and think about these things. But I'm struggling with that being definitional for chronic. And while I may be sympathetic to the rest of your argument, it seems that a remand is probably the best thing you would do for a determination in the worst instance. And I can appreciate that. I would also direct the court's attention to Caldwell v. Gillis v., which I cited to you on page 12 of my brief, in which the CABC did recognize schizophrenia as a chronic condition under 3.309A. They recognized it in all cases as a chronic condition? They recognized it in that case. So I'm not insulting, but I guess I'm presenting that with guidance. Were there multiple findings in that case of schizophrenia? Were there multiple episodes? I apologize because I don't recall the specific underlying factual scenario. My understanding, I mean, essentially what I'm arguing here and asking the court to find is that when a veteran is diagnosed with a chronic condition, and I agree that there is a question, ultimately a threshold question, as to whether or not the condition is chronic or is not chronic. I do feel that paranoid schizophrenia has been recognized as a chronic condition. It is a psychosis under 3.309A. The CABC has recognized it as such. But it is a factual question, which will not be for this court. Well, if it is a factual question, then why are you going to be using it? Well, what I'm asking the court to look at and to address is the CABC's finding that in this case, that there is an additional evidentiary requirement that was imposed by the CABC under 3.303B in which they required evidence of an etiological link between the diagnosis in service and the post-service diagnosis. And that is not, in fact, what the plain language requires in this case. In fact, there is a presumption that favors the veteran if he is diagnosed with a chronic condition while in service and then subsequent to service, unless— Yes. And there is no evidence of intracurrent cause. I'm not actually asking you to make a factual question. What I would really like the court to do would be to address the 3.303B and the plain language of that regulation. And that the Secretary, when he promulgated that regulation, created a presumption in favor of veterans who are initially diagnosed with a chronic condition that is first shown in service and then later shown in service. And that the only—and it says will be service-connected, will be considered service-connected. And that the only instance in which a chronic condition under those circumstances cannot be considered service-connected is if there is evidence of an intracurrent cause, which would be showing that it was not incurred coincident with service or was not incurred in service. In this case, there was no evidence of that nature. Rather than do that, the CABC created an evidentiary requirement saying there must be ideological evidence, there must be a medical nexus. They imposed a medical nexus requirement upon this regulation in this type of situation that is not contemplated by the plain language of this regulation. And that's what I'm asking the court to address in this case. So you're saying that they essentially did not interpret 3.033B correctly. That's exactly what I'm saying. They placed an evidentiary requirement on that basis? Yes. Yeah, that's exactly—that is exactly the point of this article. So in your case, you have the two diagnoses posted before discharge and after discharge. It doesn't matter the law of the regulation. Yes. It doesn't matter. Yes. That's your point. That is my point. But there was still lack of evidence that the CABC tried to go beyond 3.033B. Yes. And specifically in the language of the CABC's decision, the court essentially stated the appellant states that the schizophrenic episode documented in service was necessarily etiologically linked to the schizophrenia diagnosed after service and stated that such an opinion was a medical determination, that two separate episodes are etiologically related. And said that the fact that those two are etiologically related is new evidence that they can't consider. The point that I'm making here is that this was a chronic condition, and in situations involving a chronic condition, that it is the chronicity of the condition itself that is inherent— the medical nexus is inherent in the chronic nature of the condition, that there is no necessary evidentiary requirement. There's no medical nexus requirement here. You don't need to prove an etiological link if you've got a diagnosis during service of the condition and a diagnosis post-service of the same condition. In this case, paranoid schizophrenia was diagnosed while the veteran was in service. He was diagnosed post-service, less than two years later, with paranoid schizophrenia, the same condition. My kind of concern is that I don't disagree with you with regard to your interpretation of 3.03B. It seems very reasonable. It seems to me that the Court of Veterans' Appeal missed the boat. But with regard to chronic, it only applies to chronic conditions. And I'm trying to figure out how we come to a conclusion that this is a chronic condition, and that, of course, would be a back question, which, of course, it should be. I mean, no one is going to say whether or not something is chronic is a question of law. There were no findings below that. Absolutely. And I would not ask this Court to make a finding. Right. So while we could state the interpretation of 3.03B correctly, wouldn't we have to demand for application to this case vis-à-vis an interpretation of whether this veteran's psychosis-slash-paranoid schizophrenia wasn't that chronic? Yes, Your Honor, I think that that would be entirely appropriate because I think that is a factual question that sort of is left unanswered to a certain degree, I suppose. Certainly, it would be my position that it's not unanswered, that paranoid schizophrenia, I think, is very well recognized to be a chronic condition, that you don't necessarily have an acute episode of paranoid schizophrenia. Could we decide that as a question of the law, that paranoid schizophrenia is, in fact, a chronic condition? It seems to me that that's factual. It is. I would submit that under 3.309A, there's a possibility of finding that that is as a matter of law. It certainly has been my contention. However, I certainly respect that the court sees that as a factual determination that would need to be remanded back for a court that makes factual determinations. Fine. And then, as I understand, it's not a problem for this court. Just out of curiosity, I had a little trouble discerning, did the agency have before the diagnosis of psychosis schizophrenia, why didn't they mention it in their… I mean, clearly, it wasn't mentioned anywhere, so what… That's a great question, and I'm not sure I have… But they did have it in front of them. It was there. Yes. But they said there was no diagnosis in service of schizophrenia. My reflection is that the agency chose to concentrate upon personality disorder diagnosis and neglected to mention or find significant for paranoid schizophrenia. They did not address it. But there was a diagnosis of paranoid schizophrenia that was based on hallucinations, et cetera, which are hallmark symptoms of schizophrenia. And then subsequent to service, there was a diagnosis of schizophrenia and a finding that he did not suffer from a personality disorder and, in fact, had paranoid schizophrenia. And as for whether or not his schizophrenia is chronic, I'm sure you would argue, to us if you could or certainly below, that the multiple episodes prior to discharge show chronicity or chronic nature, that regardless of what they were labeled, every one of the reasons on the screen, they were really the product of all the same thing. I mean, I see it no differently than a diagnosis of, say, arthritis or some condition that I think is well accepted that it doesn't resolve necessarily on its own. If you have a diagnosis of arthritis, if you have a diagnosis of paranoid schizophrenia, if you have a diagnosis of a condition that is well accepted as a chronic condition, it is a condition that is not curable. It is treatable, but it is not curable. And that is the situation we have here. And I think that that is what the Secretary intended to address with that regulation. But the rating decision meant to me to basically know that there is no chronic condition such as SIRS, or paranoid schizophrenia. Is that really a factual determination? That there is a chronic? That there is no chronic. I think that there needs to be a finding. Sometimes there needs to be a recognition that it is a chronic condition and that the rating decision in 1982 did not do that. And that was ultimately the argument for the Pew claim that came, which was there was a diagnosis here, there was a diagnosis here, they were the same, and that when they failed to give the veteran that presumption under the law for that chronic condition, that that was clear and unmistakable error on the part of the VA at that point. Well, 309 says psychosis, I presume. Go ahead. Yes. That psychosis is considered to be a chronic condition. That it is recognized by the Secretary. Do you have an argument for what this fact is? Or do you have to go back in time? Well, that would be the reason I appeal this case to you, because I really felt that there was a factual finding here that the court found that had to be made that is not required by this regulation, that that is not a factual finding. In terms of an etiological link between one diagnosis and another, you have the same diagnosis. And it is an acceptance of a chronic condition, that it is inherent within the chronic nature of the condition, that there's an etiological link between those two. Counselor, are you arguing that 309 and everything therein provides a definition of everything therein as chronic? No. What I'm arguing is that 309 provides guidance to the court as to what the Secretary has already recognized to be chronic conditions, that those are the conditions for which the Secretary has expressly stated these conditions are considered to be chronic conditions. It is by no means an exclusive list, because the regulation also... No, I understand you say it's not exclusive, but you're saying everything on here, because of its presence in 309, is therefore defined to be chronic. I would argue that, yes. Okay, and I don't know, it just seems to me there are so many things on this list that would not necessarily be chronic, but certainly could be, and obviously that's not my choice to make if the Secretary has already made the decision, but I'm just struggling with the language of 309. Can you show me how it is that you think this is definitional? Because it seems to me that the language is, the following diseases shall be granted service connection, although not otherwise established as incurred or aggravated by service connection. And it goes on to talk about a rebuttable presumption, not that they are chronic, it doesn't seem to me, but of service connection. Is that right? Actually, I think that there is a rebuttable presumption to a certain degree as to whether or not it's chronic. And let me also make clear that 307 and 309 are actually, that I provide this for guidance, those are not specifically applicable in the situation that came, in this case. Except the time period. Right. Those pertain to the case in which you do not have a diagnosis of the chronic condition during service, rather you have, right, exactly. So you think this rebuttable presumption that is created by 309 is something we should interpret as a rebuttable presumption that everything listed herein is manifested within you as automatically chronic? No. Actually, what I would say, and I apologize, and I hope I'm addressing your question, what I would say is that there is a rebuttable presumption, but I think that it is in 3.303B, which is the regulation I'm asking, and that is that there is an exception for if there is evidence of an intercurrent cause for the chronic condition. Under 3.303B, there is an inclusion, I think, in that other rebuttable presumption. The secondary does provide an exception, and that exception is if there is evidence of an intercurrent cause for the chronic condition. Well, let's hear from the gentleman. Thank you. Thank you, Your Honor. May it please the Court, the question before the Board of Veterans' Appeals and the Board of Appeals for Veterans' Claims was, was there clear and unmistakable error in the March 1982 R.O. decision? In other words, was there an outcome-determinative error that rendered the March 1982 R.O. decision manifestly erroneous? And the answer to that question that both the Veterans' Court and the Board provided was no. There were three in-service diagnoses that are revealed by the record in this case. The first was an acute psychotic episode. The second was paranoid schizophrenia with no definition of whether it was chronic or acute. And the third was antisocial personality disorder. And based on that, the Board of Veterans' Appeals and the Veterans' Court affirmed that there was no outcome-determinative error made by the March 1982 R.O. because there were three conditions, and the ultimate diagnosis was antisocial personality disorder. That is actually what appeared in the Veterans' Application in 1981. Given that there are three differing diagnoses and that there are three possible, there are three notations in the record for different conditions, and given the order in which the conditions were addressed by the VA, there is simply, there was no basis, or there is no basis now. There are three different conditions. Psychosis, isn't schizophrenia a form of psychosis? It is. Okay, so psychosis, isn't that just a broader term that could have encapsulated a number of things? So initially we have psychosis as a diagnosis. A second diagnosis comes along with schizophrenia. Is it unreasonable to say they're both the identical diagnosis? I think, Your Honor, that the fact findings made by the Board and the fact findings made by, or affirmed by the Court are that they are different things. You just said there were three separate diagnoses. Right. And I don't see that. I see psychosis. Could psychosis and personality disorder be the same thing? Is a personality disorder a form of psychosis? A personality disorder, I would assume, can be a form of psychosis. No, of course not. A personality disorder is not a form of psychosis. But schizophrenia clearly is, definitionally, a form of psychosis. So I guess when someone presents themselves initially to a doctor, and they're exhibiting psychotic behavior, and then they come in, he says, well, you clearly have some sort of psychosis. They come in later, and they're diagnosed with schizophrenia. How is that not the same diagnosis? How is the personality disorder and schizophrenia not the same? No, I'm talking about the first two, psychosis, psychotic behavior, and schizophrenia. How are they not the same diagnosis? Your Honor, I think that the answer lies in the record, in that it was diagnosed in an acute psychotic episode and was not mentioned as schizophrenia. There are certainly more types of psychosis than schizophrenia. So the fact that there was a first diagnosis of an acute psychotic episode does not mean that there was paranoid schizophrenia when that diagnosis was made. It could have been another form of psychosis, an acute psychosis, which could have been a kind of hallucination, a break with reality. As Your Honor mentioned, a drug-induced hallucination would qualify as a psychosis. So they aren't necessarily the same. And the third, the personality disorder, whether or not it can be viewed as a form of psychosis, which is a medical question I honestly don't know the answer to, is and has been treated by the Board and the Veterans Court as a separate diagnosis, as a separate condition that was observed and ultimately became the final diagnosis upon discharge for this veteran. Was it correct? Was it correct? Was the diagnosis correct? It may have been correct. I'm not sure, Your Honor. Later, indeed, the veteran was diagnosed as having paranoid schizophrenia. Well, you're arguing two different things. First, you're arguing that these are three separate diagnoses. And you were saying that the third, personality disorder, could be distinct and completely separate from the behavior and the second incidence of schizophrenia. So why doesn't that amount to a diagnosis of schizophrenia? Maybe the guy had it bad, he had both, a personality disorder and schizophrenia. What evidence is there that the personality disorder finding somehow trumped the earlier schizophrenia diagnosis? Well, the evidence that the Board and the Court relied on was that it was the final diagnosis, and the diagnosis issued upon discharge. Final diagnosis, does that mean it was a diagnosis that was meant to extend back and cover all previous incidents of any kind for which the man could have been treated? Not necessarily so, Your Honor. But the question, again, is whether there is clear and unmistakable evidence from which... The question is whether there was a diagnosis while in service of schizophrenia, and another one after he was discharged. If that was the main question... No, Your Honor. Whatever else you may have, and you may have two papers, but when you get a diagnosis of paranoid schizophrenic in service, and develop an alchemist, regulations seem to connect the two and say it's service-connected. Your Honor, the regulation... Why is that a wrong reading? It doesn't do that. I mean, the first sentence of the regulation is, with chronic disease shown as such in service so as to permit the finding of service connection. So the 1982 R.O. had to determine whether there was a chronic disease shown as such, whether the evidence supported a chronic disease shown as such so that there is service connection. The R.O. said there was no diagnosis of schizophrenia during service, which we all know to be clearly an error, correct? That is an error, yes. The agency didn't say there's no proof that the schizophrenia demonstrated during service was chronic. The agency said there's no evidence of any schizophrenia during service, which is clearly wrong. The 1982 R.O., based on the evidence that was before it, did say that, and the Veterans Court and the Board acknowledged that it missed the diagnosis of schizophrenia. So, but it was before him? I mean, I asked the opposing counsel the same thing. Was it in front of them? It was in front of them. Did he say he overlooked it? It was in front of the R.O., but it was not in front of the examiner who conducted a medical examination of Mr. Gross. So there was an examiner who did not have access to his service medical records. The R.O. presumably did. And the R.O., as the Court and the Board acknowledged, missed that evidence. But the question became, since the 1982 decision wasn't appealed, the question became whether there was cue in the 1982 decision. And what the Court and the Board looked at was, given what is here, given what was in evidence, there is no way to determine, or no at least clear and unmistakable way to determine, that the veteran possessed chronic paranoid schizophrenia while in service. Because it could have been antisocial personality disorder, for example. There's no definitive way to do that. If so, there's no clear and unmistakable error. Mr. Chairman, wasn't there a problem with the determination made by the Court of Veterans Appeals regarding 303B, that was raised by the public's counsel? In that particular decision, there was a statement which bothers me. It's, when I quote, Without the standing enlargement in the 1982 R.O.'s fable, without the evidence of an in-service diagnosis of schizophrenia, there was still a lack of evidence of record linking the chronic schizophrenia to service. That's right, Your Honor. Legal error. No, it's not, Your Honor. There... But what is the requirement that there has to be a record linking the chronic schizophrenia to service? In that sentence, what I believe the Veterans Court is doing is looking at the diagnosis that was issued in March 1981 of R.O. schizophrenia. I think March is probably the wrong month. But 1981 of schizophrenia. And saying that that evidence did not link back to such that it could establish service connection for the veteran. So there's this diagnosis of schizophrenia that comes after service that doesn't link back. It doesn't say anything about, you know, this occurred in 1979, this occurred in 1978, or at some other point during the veteran's service. That is what the court is saying in that sentence. And that is fully consistent with 3.303b, which, again, the first sentence is, With chronic disease shown in service as such, so as to permit a finding of service connection. Well, to permit a finding of service connection, you have to have evidence of that establishes, in this case, that clearly and unmistakably establishes a service-connected condition of chronic schizophrenia, which is all in that first sentence. The third sentence of the regulation, for the showing of chronic disease in service, there is required to be a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, at the time, as distinguished from merely isolating findings or a diagnosis which included the word chronic. So even if that evidence back in 1979 had the word chronic schizophrenia in it, that alone would not be sufficient under this regulation. The March 1982 RO's task was to determine whether there was evidence of service connection. It had to determine service connection, meaning schizophrenia, chronic, paranoid, in service, before it went on to apply 3.303B. If there had been that evidence, and if now we could look at the record before the RO and say clearly and unmistakably this compels the March 1982 to find this evidence of service connection, then I think we would be done here, and the government would lose. What was the reference to psychosis in there? There's a reference to an acute psychotic episode, which is the first, when the veteran is first, I believe, hospitalized. That was what they said coming in, acute psychotic episode. Which could have included schizophrenia. It could, but it did not. Schizophrenia is such a specific thing that I would presume that if they were diagnosing schizophrenia at that point, they would say schizophrenia, acute schizophrenic episode, since there are other forms of psychosis. Perhaps they needed to see multiple incidents before they were able to label it. Perhaps, Your Honor, but perhaps this does not, again, go to the question of Q in the 1982 RO decision, because there were different diagnoses. With regard to 3.03B, you were reading, but you stopped before you got to the end of the very last sentence, which is when the fact that chronicity in service is not adequately supported, I guess that's what you're arguing, right? That's exactly what you're arguing. Right. That is showing a continuity after discharge is required to support the claim. Why don't we have that here? We certainly have repeated diagnoses of schizophrenia immediately following discharge. Why doesn't that satisfy 3.03B's language? Because, Your Honor, there is no, that refers only to chronicity, and we do not know for certain. The only thing you're disputing is whether the diagnosis in service was chronic, schizophrenia. That's all you're really disputing. No, I'm disputing whether the diagnosis was schizophrenia as well, or whether, that is not what I, there was a, there is a reference in the record, a diagnosis of schizophrenia, but there are other things as well, and it's up to the 1982 RO to make the determination of what it was and sort it out. The 1982 RO didn't even acknowledge that there was ever a prior diagnosis of schizophrenia. He somehow missed that entirely, so he clearly and unmistakably erred in that regard. The question, it seems to me the only question is of chronicity, and that last sentence of 3.03B establishes it. I disagree, Your Honor, because I think that the 1982 RO could have found no schizophrenia based on this evidence, or insufficient evidence of schizophrenia, and when we come here later, 25 years later, 26 years later, the question, since the 1982 RO decision wasn't appealed, is whether there was evidence that compelled the 1982 RO to conclude that what the veteran had was schizophrenia diagnosed in service, and there is conflicting evidence in the record, there is different evidence in the record, and there is an ultimate discharge diagnosis of an antisocial person. Is the RO free to disregard an in-service medical diagnosis based on some lay judgment? I'm sorry? Is the RO free to disregard an in-service medical diagnosis based on some judgment? I don't believe that the RO is free to disregard it, but I believe that the RO is free to come up with a different finding. I think it was error for the RO not to acknowledge the in-service diagnosis of schizophrenia. He didn't just not acknowledge it, he said it didn't exist. But the question is, if that evidence, if all of that evidence were properly considered by the RO, would it have to determine that the veteran had an in-service diagnosis of schizophrenia? And the answer is no, it would not have to. That is a fact-finding that has been made by the board and affirmed by the veteran's board in this case, and that fact-finding is not subject to appeal here, because it is the application of law to fact. It's the application of the clear and unmistakable evidence standard to the evidence that was before the RO when it surfaced. So ultimately, the appeal should be dismissed. And the alternative, the reading backwards, which is essentially what it is, of the regulation 3.303B, if the court determines it as jurisdiction, that reading should not be accepted and the veteran's court's judgment should be affirmed. Thank you, Your Honor. Just very briefly, I would just note that one of the things that counsel mentioned was that there was a finding, that it was an acute finding of paranoid schizophrenia. And, in fact, at the record of page 77 in the appendix, there was a diagnosis of paranoid schizophrenia. There's no mention of it being acute. That seems to be a finding that's being imposed upon us, and that's something the CABC seems to make a finding of as well, which isn't supported by the evidence. I would also note that it is not my understanding that personality disorder and schizophrenia are mutually exclusive diagnoses. They are two separate, as counsel for the Secretary recognized, those are two separate diagnoses. There's nothing to say that they can't coexist. The question here is really the schizophrenia and focusing on schizophrenia. Schizophrenia is something that a veteran is entitled to service permission for if it occurs coincident with service. In this case, there was a diagnosis that was ignored by the original office in 1982, the subsequent diagnosis. I think the scenario in this case fell squarely under what was contemplated by the Secretary by the plain language of 3.303B, and I think that the CABC misinterpreted that language when it imposed an additional requirement that was not contained in that regulation. Essentially, that is what I'd ask the Court, to clarify that and to find that the CABC misinterpreted that language when they made the finding in this case. Thank you. Thank you.